# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DEAN M. BREAUX,

        Plaintiff,

v.                                             Case No: 6:21-cv-695-RBD-EJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIBs"), alleging February 28, 2018, as the disability onset date. (Tr. 10, 73; Doc. 27 at 3.) In a decision dated August 17, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 7–34.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 27), and the applicable law. For the reasons stated herein, the undersigned respectfully recommends that the Commissioner's decision be affirmed.

**I.   ISSUES ON APPEAL**

Plaintiff asserts the following issues on appeal:

1. Whether the residual functional capacity ("RFC") determination of the ALJ is supported by substantial evidence.

    2. Whether the ALJ's consideration of Plaintiff's credibility and subjective complaints was sufficient.

(*See* Doc. 27.)

## II. STANDARD

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. ANALYSIS

### A. Whether the RFC determination of the ALJ is supported by substantial evidence.

Plaintiff argues that the ALJ erred in determining Plaintiff had the RFC to perform light work with additional limitations because the ALJ failed to properly weigh and consider the opinions of Plaintiff's treating physician, Dr. Pavlik. (Doc. 27 at 23–30.) The Commissioner disagrees, contending that the ALJ adequately met the articulation requirements as to Dr. Pavlik's opinions. (*Id.* at 30–34.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis must state whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

Here, the ALJ evaluated Dr. Pavlik's opinion and found as follows:

> Daniel L. Pavlik, Jr., D.C., who has treated the claimant during the relevant period, opined that the claimant can perform a reduced range of light work, sitting for only 15 minutes and standing/walking for only 45 minutes at one time, and sitting, standing, or walking for a total of two hours in an eight-hour workday. Dr. Pavlik also opined that the claimant must walk around for four minutes every 45 minutes, as well as change positions at will, and take unscheduled 5-minute breaks every hour. Dr. Pavlik also opined that the claimant has postural limitations in all areas, has limitations in fingering, and would miss about four days of work a month. Finally, Dr. Pavlik opined that the claimant's mental symptoms frequently interfere with attention and concentration, but he is capable of low stress jobs (Exhibit 24F).
>
> The undersigned finds Dr. Pavlik's opinion not persuasive, since it is not supported by any objective findings listed within the opinion itself, and it is inconsistent with the need for conservative care with regard to the spine impairments other than a cervical radio-frequency ablation procedure (Exhibit 29F/24). Dr. Pavlik's opinion is also inconsistent with the overall evidence of record, as physical examinations show mostly normal findings, such as full range of motion in all major joints, except the lumbar and

>cervical spine, and 4th left finger amputation, no neurological weakness, and normal examination of all major organs and systems. (Exhibits 14F/2, 3, 21F/7, 29F/7, 36, 46, 69, 79, 94, 104, 119, 133, 140, 151, 164, 37F/3, 6, 12, 47, 60, and 39F/38, 47, 57, 87, 96, 98). Further, Dr. Pavlik's opinion is also inconsistent with the claimant's own admissions of normal daily activities, as well as the claimant's work activity during the relevant period (Exhibit 15E, and hearing testimony).

(Tr. 23–24.) Plaintiff concedes that the ALJ considered the persuasiveness of Dr. Pavlik's opinions by explaining how he considered the supportability and consistency factors; however, Plaintiff states that there is other evidence in the record that is at odds with the ALJ's findings on those factors. (Doc. 27 at 27–30.)

First, Plaintiff takes issue with the ALJ's conclusion that Plaintiff's "physical examinations show[ed] mostly normal findings" (Tr. 23), arguing that a review of the records to which the ALJ cites demonstrate that Plaintiff's physical examinations showed *abnormal* findings. (Doc. 27 at 28.) In his opinion, the ALJ cited Plaintiff's full range of motion in all major joints (except the lumbar and cervical spine, and fourth left finger due to amputation), lack of neurological weakness, and normal examination of all major organs and systems. (Tr. 23–24.) Plaintiff asserts that Plaintiff's physical examinations demonstrate "chronic neck pain; weakness; muscle aches; painful joints; painful limited range of motion; cervical spine tenderness on palpation; cervical spine crepitus; cervical spine pain . . .; [and] pain with facet loading; a positive straight leg raising test; [and] tenderness on palpation in lumbar spine." (Doc. 27 at 28.)

The Court has closely reviewed the records to which Plaintiff cites to demonstrate that the ALJ's conclusions as to Plaintiff's physical examinations are inaccurate. (*See* Tr. 540, 593, 622, 655, 665, 680, 705, 726, 737, 750, 898, 901, 907, 942, 955, 1003, 1004, 1012[2], 1022, 1061). The bulk of these records are from visits to Pain Relief Centers of Central Florida. As Plaintiff correctly notes, these records demonstrate that Plaintiff suffered from back and neck pain, including cervical spine tenderness, cervical spine crepitus, and chronic neck pain. (*Id.*) But the ALJ did not discount Plaintiff's back and neck pain. In fact, in the ALJ's opinion, albeit while citing to different records, stated that there was "objective evidence of record [that] offers at least some support to those pain allegations [of low back and neck pain]." (Tr. 18.)

While Plaintiff asserts that the ALJ "ignored evidence favorable" to him, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision … is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (internal quotation marks omitted). A review of the records cited by the ALJ and Plaintiff lead the undersigned to conclude that the ALJ properly considered Plaintiff's physical condition as a whole. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that . . . other evidence . . . undermine[s] the ALJ's RFC determination, [plaintiff] misinterpret[s] the narrowly circumscribed

---

[2] Plaintiff cited to Tr. 1112, but as there is no page in the record with that number, the undersigned believes Plaintiff meant to cite to Tr. 1012. (Doc. 27 at 28.)

nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] ... even if the evidence preponderates against' the decision." (footnote omitted)). Thus, the ALJ's finding as to Plaintiff's physical examination records is supported by substantial evidence because the medical records support the ALJ's ultimate conclusion regarding Plaintiff's physical condition during the relevant period.

Next, Plaintiff argues that the ALJ's statement—that Plaintiff had undergone only conservative care other than cervical radio-frequency ablation—is inaccurate. (Doc. 27 at 29.) Plaintiff points to other evidence in the record that shows that Plaintiff underwent several other procedures, not just a cervical radio-frequency ablation. (*Id.* (citing Tr. 609, 638, 670, 711, 938, and 1000).) Plaintiff is correct that these records demonstrate that, in addition to conservative care, Plaintiff underwent medial branch blocks, epidural blocks, and more than one cervical radio-frequency ablation. (*See, e.g.*, Tr. 939–940.) However, the ALJ concluded, and the medical records plainly state, that Plaintiff's care was, on balance, conservative. (Tr. 939). Plaintiff has not identified case law or facts that would lead the undersigned to question the ALJ's conclusion as to what constitutes "conservative." Accordingly, the undersigned finds that the ALJ's conclusion on this point is supported by substantial evidence.

Finally, Plaintiff states that the ALJ's assessment that Plaintiff admitted to "normal daily activities" is also inaccurate. (Doc. 27 at 29.) Rather, Plaintiff states that the record showed that his daily activities were much more limited, working only 2 to 5 hours a week, using ice packs to assist with pain, and not being able to do typical

household chores such as preparing meals, going grocery shopping, washing dishes, vacuuming, sweeping, mopping, or laundry. (Doc. 27 at 29 (citing Tr. 43, 50–51).) Plaintiff is correct in his recitation of his own hearing testimony. However, the ALJ accounted for these discrepancies in his opinion, stating:

> Admittedly, the claimant testified to limitations in activities of daily living; however, these assertions cannot be objectively verified. The claimant's testimony is not consistent with the record as a whole, since his pain and other subjective symptoms are not of such frequency, intensity, or duration as to preclude all work activity. The reported limitations at the hearing appear to be self-prescribed. For instance, the claimant is independent in his ability to feed and dress himself. He reported on the function report that he is able to drive, and perform some routine household chores.

(Tr. 18.) The ALJ also noted that Plaintiff was able to engage in some work activity. (Tr. 24.) Thus, there is sufficient evidence in the record to support the ALJ's finding that Plaintiff could engage in "normal daily activities." (*Id.*)

In summary, under the regulations applicable to Plaintiff's application for DIBs, the ALJ was required only to articulate *how* he considered the factors of supportability and consistency in discussing the persuasiveness of Dr. Pavlik's medical opinion. In this case, the ALJ has satisfied this standard because the ALJ discussed the supportability of Dr. Pavlik's opinion as well as the consistency of his opinion with the record. *See, e.g., Moberg v. Comm'r of Soc. Sec.*, No. 6:19-cv-891-Orl-LRH, 2020 WL 4936981, at *4 (M.D. Fla. Aug. 24, 2020) (stating that the ALJ's consideration of medical opinions "comported with the requirements of the new Social Security Regulations because the ALJ articulated the evidence affecting the supportability and

consistency of each medical opinion and determined whether such opinion was supported by the weight of the record evidence").

Moreover, the ALJ performed his duty of evaluating the conflicting evidence in the record and substantial evidence supports his reasoning. *See Lacina v. Comm'r, Soc Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) ("It is 'solely the province of the [Commissioner]' to resolve conflicts in the evidence . . . ."). What Plaintiff is really asking the Court to do is reweigh the evidence with regard to the ALJ's consideration of Dr. Pavlik's opinion, which is not within the province of this Court. Because the ALJ's decision is supported by substantial evidence, the undersigned respectfully recommends that the Court reject Plaintiff's contentions as it relates to the ALJ's consideration of Dr. Pavlik's opinions.

### B. Whether the ALJ's consideration of Plaintiff's credibility and subjective complaints was sufficient.

Next, Plaintiff argues that the ALJ's credibility finding was insufficient, as it was nothing more than "boiler plate type language commonly found in Social Security decisions." (Doc. 27 at 36.) The Commissioner responds that the ALJ properly evaluated Plaintiff's subjective complaints and found them to be not entirely consistent with the record. (*Id.* at 38.)

Social Security Ruling ("SSR") 16-3p and 20 C.F.R. § 416.1529(c) provide guidance as to how an ALJ is to evaluate the subjective complaints of a claimant. SSR 16-3p provides that the "subjective symptom evaluation is not an examination of an individual's character," but instead a two-step evaluation of the evidence at hand.

SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "determine[s] whether the individual has a medically determinable impairment . . . that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Then, the ALJ "evaluate[s] the intensity and persistence of an individual's symptoms . . . and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4.

Section 416.1529(c) provides that an ALJ is to "consider all of the available evidence from [the claimant's] medical sources and nonmedical sources about how [the] symptoms affect [the claimant]." 20 C.F.R. § 416.1529(c)(1). It also provides that medical opinions can be relied upon when evaluating a Plaintiff's subjective complaints. *Id.*

Subsections (c)(2) and (c)(3) further specify how the ALJ is to evaluate the subjective complaints: The ALJ may not reject a claimant's subjective complaints solely because the objective medical evidence does not substantiate the complaints. 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your . . . symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). This regulation instructs administrative law judges to "carefully consider any other information [a claimant] may submit about [his] symptoms." *Id.* § 404.1529(c)(3). It also provides the following six non-exhaustive factors the ALJ should consider when evaluating the subjective complaints: a claimant's daily activities; "the location, duration, frequency, and intensity" of other

symptoms; "precipitating and aggravating factors;" "the type, dosage, effectiveness, and side effects" of a claimant's medication taken to alleviate his symptoms; any other treatment for alleviating symptoms; and measures a claimant used to alleviate the symptoms, such as lying down. *Id.* The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). In the end, subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

> Here, the ALJ concluded:
>
> > After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 18.) While Plaintiff alleges these determinations are nothing more than boiler plate language commonly found in Social Security decisions, this language is not improper if supported by substantial evidence. *See Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013), *report and recommendation adopted*, 2013 WL 1694841 (M.D. Fla. Apr. 18, 2013).

The ALJ expounded on his finding by noting Plaintiff's history of spine disorders that interfered with his ability to work, including his back and neck pain. (Tr. 18.) The ALJ also noted Plaintiff's MRI findings, which demonstrated multiple spinal

diagnoses, including herniated and bulging discs. (*Id.*). However, the ALJ also determined that the record demonstrated that Plaintiff had "preserved strength and mobility" consistent with the RFC limitations. (*Id.*) This was demonstrated by, for example, Plaintiff's only slightly diminished range of motion in the cervical and lumbar spine and full range of motion in all other major joints. (*Id.*) The ALJ also noted Plaintiff's full strength in all major muscle groups and normal examination of all other major organs and systems. (Tr. 19.) Nevertheless, the ALJ still concluded that Plaintiff could perform only a reduced range of light work with postural and environmental limitations. (*Id.*)

The ALJ also recognized Plaintiff's mental impairments, including diagnoses of major depressive disorder, posttraumatic stress disorder, and generalized anxiety disorder. (Tr. 20.) However, the ALJ pointed out that the record showed that Plaintiff had "maintained the ability to perform mental activities within the limits set forth in the" RFC. (*Id.*) Plaintiff admitted he did not have difficulty understanding or following instructions; had normal levels of recall, cognition, attention, and ability to complete tasks; could drive and go out alone; and could count change and use a checkbook. (*Id.*) He was also able to learn, concentrate, and stay on task. (*Id.*)

In sum, a review of the ALJ's decision belies Plaintiff's argument that the ALJ did not sufficiently articulate reasons for discounting Plaintiff's complaints. As contemplated by the regulations, the ALJ considered the objective medical evidence as well as Plaintiff's own statements and articulated specific and adequate reasons for finding Plaintiff's subjective complaints not entirely consistent with the evidence. *See,*

*e.g.*, *Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 767 (11th Cir. 2014) (finding the ALJ's discussion of objective medical evidence of record provided "adequate reasons" for the decision to partially discredit the claimant's subjective complaints).

If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence, as here, the Commissioner's decision must be affirmed. On this record, the undersigned respectfully recommends that the Court find the ALJ did not err in considering Plaintiff's subjective complaints.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 23, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE